IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ASHLIE PULLEN, <br><br> Plaintiff, <br><br> v. <br><br> WARNER ROBINS OB-GYN, LLC and WARNER ROBINS OB/GYN2, LLC, <br><br> Defendants. | Civil Action No.: <br><br><br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff Ashlie Pullen, and brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff alleges that Defendants Warner Robins OB-GYN, LLC and Warner Robins OB/GYN2, LLC failed to provide compensation at the rate of overtime, respectfully showing the Court as follows:

### **JURISDICTION AND VENUE**

1.

This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this judicial district under 28 U.S.C. § 1391 because Plaintiff was employed, and the events underlying this action, occurred in Houston County, Georgia, which is located within this judicial district.

## PARTIES

3.

Plaintiff Ashlie Pullen (hereinafter, "Plaintiff" or "Pullen") is a citizen of the United States and a resident of Georgia. At all times relevant to this suit, Ms. Pullen was employed with Defendants. Ms. Pullen is a covered, non-exempt employee under all laws referenced herein.

4.

Defendant Warner Robins OB-GYN, LLC is a domestic limited liability company, organized under the laws of the State of Georgia, with its principal office located at 225 Smithville Church Road, Suite 1100, Warner Robins, Houston County, Georgia 31088.

5.

Defendant Warner Robins OB/GYN 2, LLC is a domestic limited liability company, organized under the laws of the State of Georgia, with its principal office located at 225 Smithville Church Road, Suite 1100, Warner Robins, Houston County, Georgia 31088.

6.

Because Defendant Warner Robins OB-GYN, LLC and Defendant Warner Robins OB/GYN 2, LLC share the same principal office location and registered agent, it is unclear at this time under which entity Ms. Pullen was employed. For these reasons, both entities shall be referred to hereinafter, collectively, as "Defendant" or "Warner Robins OB/GYN."

7.

Defendant is a private employer with more than two employees, it is engaged in interstate commerce, and it has an annual revenue in excess of $500,000.00.

8.

Defendant is a covered enterprise within the meaning of the Fair Labor Standards Act.

## STATEMENT OF FACTS

9.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 8, as if the same were set forth herein.

10.

Ms. Pullen was employed with Defendant as a nurse practitioner in its Warner Robins office from approximately February 28, 2011 until approximately August 7, 2018.

11.

At all relevant times, Ms. Pullen's performance was exemplary, as she never received a complaint or reprimand during her employment.

12.

When Ms. Pullen was hired, it was her understanding that the terms of her employment would be governed by a Letter of Intent dated February 25, 2011, sent to her by Defendant's principal, Mark A. Lafferty, MD (hereinafter, "Dr. Lafferty").

13.

Consistent with the terms of the Letter of Intent, Ms. Pullen was initially compensated as a salaried employee.

14.

However, on or about May 15, 2015, Dr. Lafferty attempted to punish Ms. Pullen for taking several days of paid leave, of which she was otherwise entitled, by making the unilateral decision to change Ms. Pullen's compensation from salaried to hourly pay.

15.

From May 15, 2015, until her separation with Defendant, Ms. Pullen continued to be paid bi-weekly based on an hourly wage at the rate of $38.46 per hour.

16.

As with Defendant's other employees, Ms. Pullen's hours were tracked by Defendant, for the purposes of determining pay, using an employee time clock.

17.

From May 15, 2015, Ms. Pullen frequently worked more than 40 hours per workweek (hereinafter, "overtime"), which is supported by the fact that her hours exceeded 80 hours on many of her bi-weekly pay stubs.

18.

However, from May 15, 2015, until her separation, Ms. Pullen was always paid her normal hourly rate for any overtime hours worked, and she never received pay at the appropriate overtime rate of time-and-one-half. As an example, one pay stub reflecting Defendant's failure to pay overtime for the pay period between June 17, 2018, and June 30, 2018, is attached hereto. (Doc. 1-1.)

19.

At the time of this Complaint, Ms. Pullen does not know the total number of overtime hours worked for which she was not compensated at the overtime rate because she was generally not provided with a paystub reflecting the hours for which she worked and got paid.

20.

Defendant is in possession, custody, and control of records that accurately reflect Ms. Pullen's hours worked and compensated from May 15, 2015, until the date of her separation with Defendant.

21.

On or about August 7, 2018, Ms. Pullen resigned from her position with Defendant.

Procedural Background

22.

This action is substantially similar to an action that was previously pending before this Court, and styled as *Ashlie Pullen v. Warner Robins OB-GYN, LLC and Warner Robins OB/GYN2, LLC*, Civil Action Number 5:18-cv-00340-MTT.

23.

On or about January 6, 2020, the parties entered into a Memorandum of Understanding, in which the parties agreed to several terms, including that Defendant waived the defense of the statute of limitation for claims that had been timely brought in the prior action.  Plaintiff also waived her objection to any attempt Defendant may make to remand this action to an appropriate state court.

24.

As a result of the terms of the Memorandum of Understanding the previous action was dismissed on January 6, 2020. (Doc. 19.)

## COUNT I:
## FAILURE TO PAY OVERTIME PAY
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

25.

Plaintiff hereby pleads and incorporates by reference all of the allegations set forth in the Statement of Facts, Paragraphs 9 through 24, as if the same were set forth herein.

26.

Under the Fair Labor Standards Act, an employer must pay a rate of not less than one and one-half times an employee's regular rate for any time worked in excess of forty hours for any given workweek. *See* 29 U.S.C. § 201(a)(1).

27.

As alleged herein, Defendant and Plaintiff are covered, non-exempt employer and employee under the Fair Labor Standards act, respectively. *See* 29 U.S.C. § 201(a)(1).

28.

As alleged herein, from on or about May 15, 2015, until August 7, 2018, Defendant frequently failed to pay Plaintiff overtime pay for her time worked in excess of forty hours per week, the exact number of which may be ascertained through discovery and review of Defendant's records.

29.

Defendant's conduct, as alleged herein, constitutes withholding and/or failing to provide overtime pay in violation of the Fair Labor Standards Act.

30.

Plaintiff has been injured by Defendant's actions and is entitled to an award of unpaid overtime compensation and all other damages allowed under the Fair Labor Standards Act for the

period preceding two years prior to the filing of her initial action civil action, as well as reasonable attorney's fees and costs of litigation to be paid by Defendant pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

31.

The evidence will reflect the fact that Defendant willfully violated the Fair Labor Standards Act when it failed to compensate Plaintiff at the appropriate rate of overtime, and thus, Plaintiff should be permitted to recover all damages listed in the preceding paragraph for the period of three years prior to the filing of her initial action.

## COUNT II:
## LIQUIDATED DAMAGES
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

32.

Plaintiff hereby pleads and incorporates by reference all of the allegations set forth in the Statement of Facts, Paragraphs 9 through 24, as if the same were set forth herein.

33.

As alleged herein, Defendant and Plaintiff are covered, non-exempt employer and employee under the Fair Labor Standards act, respectively.  *See* 29 U.S.C. § 201(a)(1).

34.

Defendant has acted in bad faith and did not have reasonable grounds to believe that its actions were not a violation of the Fair Labor Standards Act.

35.

Moreover, Defendant's violation of the Fair Labor Standards Act was one of its own making when its principal attempted to punish Ms. Pullen by making the unilateral decision to

change Ms. Pullen's compensation to that of an hourly employee, which was in contravention of Defendant's Letter of Intent.

36.

This Court should exercise its sound discretion to award liquidated damages pursuant to 29 U.S.C. § 260, and should award to Plaintiff said liquidated damages in an amount equal to an award for unpaid overtime compensation as set forth in Count I.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashlie Pullen respectfully prays for the following relief:

1)  That Summons and Process be issued to Defendants Warner Robins OB-GYN, LLC and Warner Robins OB/GYN 2, LLC, and that said Defendants be served as provided by law;

2)  That this matter be tried before a jury;

3)  That judgment be awarded for and in favor of Plaintiff and against Defendants in the amount her unpaid overtime compensation for the three years preceding the filing of her former Complaint, as well as all other damages allowed under the Fair Labor Standards Act, including an award of reasonable attorney's fees and costs of litigation, in an amount to be proven at trial (Count I);

4)  That judgment be awarded for and in favor of Plaintiff and against Defendants for liquidated damages in the amount equal to that of her unpaid overtime compensation as set forth in Count I (Count II); and,

5)  For such other relief as this Court shall deem just and proper.

Respectfully submitted, this 17th day of March, 2021

/s/ Kenneth E. Barton III
KENNETH E. BARTON III
Georgia Bar No. 301171
JOHN M. MCCALL
Georgia Bar No. 778954
*Attorneys for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
jmm@cooperbarton.com